IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :        Case No. 3:02-cr-037

                                  District Judge Walter Herbert Rice
    -vs-                         Chief Magistrate Judge Michael R. Merz

                           :

DERRICK LAMAR KIDD,

       Defendant.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Defendant's Motion to Set Aside Judgement Pursuant to Rule 60(b)(4), of the Fed. R. Civ. P. (Doc. No. 56).  Judge Rice has referred the motion for a report and recommendations under 28 U.S.C. §636(b)(3) (Doc. No. 57).

On October 25, 2002, Judge Rice sentenced Mr. Kidd to 100 months confinement on each count of the Indictment to which he pleaded guilty with the sentences to run concurrently (See Minutes, Doc. No. 25, and Judgment, Doc. No. 26).  Defendant alleges that that sentence is void because the Court lacked subject matter jurisdiction to enter it.  His argument is that the sentence was enhanced by a fact to which he did not plead and which Judge Rice found to be a fact at sentencing on recommendation of the United States Probation Officer and over Defendant's objection, to wit, that Defendant threatened the victim bank teller with a gun.[1]

---

[1] Defendant refers to the finding as being that he made an "armed threat of death." (Motion, Doc. No. 56, at 3).  The language in the Presentence Investigation Report merely says that Defendant threatened the teller with a gun.  Defendant cites no source for his purported quotation "armed threat of death."  The difference, however, appears to be semantic only.

The usual method for attacking an allegedly void federal sentence is by motion to vacate under 28 U.S.C. § 2255.  However, in adopting the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the Congress provided:

> A second or successive motion [under this statute] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain
> (1) newly discovered evidence . . .  or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Kidd previously filed a § 2255 Motion in this case which was denied and on which the Sixth Circuit Court of Appeals refused to permit an appeal (See Doc. Nos. 48, 49 and 55).  Thus he cannot file a second § 2255 motion without permission of the Court of Appeals, which he has neither sought nor obtained.

Since the AEDPA was adopted, a number of defendants have attempted to avoid the successive application rule by styling their collateral attack on the judgment as a motion under Fed. R. Civ. P. 60(b).  In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court recently considered the use of Rule 60(b) in the context of habeas corpus petitions under 28 U.S.C. §2254.  Under § 2254, a petitioner may not file a successive application for writ of habeas corpus containing a claim not previously presented without precertification by the court of appeals.  In *Gonzalez* the Supreme Court allowed the use of Rule 60(b) in § 2254 cases if the petitioner was attacking the federal judgment on the prior § 2254 application, but not if the petitioner was presenting a new claim attacking the underlying judgment.

The § 2255 limitation on successive motions contains somewhat different language from the

limitation on §2254 successive applications, so *Gonzalez* is not directly in point.[2] However, the logic the Court followed in *Gonzalez* is instructive.

First of all, Fed. R. Civ. P. 60(b) is only available for application in attacks on federal criminal judgments to the extent it is "not inconsistent with any statutory provisions or these rules. . . ." Rule 12, Rules Governing § 2255 Proceedings. This language parallels language in Rule 11 of the Rules Governing § 2254 Proceedings which the Supreme Court relied on in *Gonzalez* to limit generally the use of Rule 60(b) in §2254 cases.

Second, the Court held in *Gonzalez* that to permit use of a Fed. R. Civ. P. 60(b) motion to present a new claim would in fact be inconsistent with that part of 28 U.S.C. § 2244 which requires precertification. The same inconsistency would exist if Rule 60(b) motions were allowed in federal criminal cases more broadly than Gonzalez permits in § 2254 cases. That is because Congress in the AEDPA adopted both the limitations on successive § 2254 cases and § 2255 cases. In other words, the limitations being adopted for the same purpose in the same statute should be read *in pari materia.*

Applying the logic of *Gonzalez* to the pending Motion, the Court concludes it states a new claim collaterally attacking the underlying criminal judgment, rather than this Court's prior judgment on Mr. Kidd's first § 2255 motion. That is, it claims the underlying judgment of

---

[2]In *Gonzalez*, Justice Scalia wrote:
> n3 In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases.

*Id*. at 2646.

conviction and sentence is void for lack of subject matter jurisdiction rather than that the § 2255 judgment is somehow vulnerable to collateral attack. That being the case, this Court is without jurisdiction to consider the merits of the pending Motion in the first instance and must transfer the Motion to the Sixth Circuit Court of Appeals. *In re Sims,* 111 F. 3d 45 (6th Cir. 1997).

August 2, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Kidd 2255 06.wpd